**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **CHARLENE OFOSU, M.D.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER, BAYLOR COLLEGE OF MEDICINE, KAIMING WU, M.D., GARY LLOYD HORN, M.D., ZACHARY NUFFER, M.D., NEAL SAVJANI, M.D. AND SINA FAHRTASH, M.D.,**<br><br>**Defendants.** | **Case No. 4:26-cv-00761** |

**<u>DEFENDANT CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER'S RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT</u>**

Pursuant to Fed. R. Civ. P. 12(e) Defendant CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER (the "Hospital") files this motion for more definite statement and respectfully shows the Court as follows:

## I. SUMMARY

1. The Hospital respectfully moves that the Court require Plaintiff, Charlene Ofosu, M.D. ("Plaintiff"), to provide a more definite statement of the allegations contained in her *Verified Original Petition*.[1] Plaintiff brought this lawsuit against the Hospital where she held privileges and membership to act as a member of the Hospital's medical staff and provide care to patients at Hospital facilities. Plaintiff also brought this lawsuit against her former employer and six (6)

---

[1] The *Verified Original Petition*, in its entirety, is attached as **<u>Exhibit 1</u>** to this Motion.

individual physicians. The *Verified Original Petition* is contains vague and ambiguous allegations, committing multiple "cardinal sins" of pleading throughout by: (1) lumping all named defendants together despite the allegations clearly not pertaining to the Hospital; (2) including a host of vague, conclusory and immaterial facts; and (3) raising causes of action that do not exist under Texas law. Thus, the allegations as pled do not put the Hospital on notice of the extent to which acts or omissions pertain to the Hospital that Plaintiff contends caused her injuries.

2. On February 19, 2026, the Hospital's counsel informed Plaintiff of each of the deficiencies discussed below and requested that Plaintiff amend her *Verified Original Petition* so that the Hospital may properly answer the allegations. On February 23, 2026, Hospital's counsel and Plaintiff's counsel conferenced on the basis of this motion and did not reach agreement. As of the filing of this motion, Plaintiff has failed to amend her *Verified Original Petition*.

3. The Hospital does not move for a more definite statement as a form of delay or an attempt to obtain discovery prior to filing its Answer, as the matters complained of cannot be clarified and developed during discovery. *See Mendez v. Semi Express LLC*, No. 4:21-cv-02978, 2022 WL 1138148, at *2 (S.D. Tex. Apr. 18, 2022). The Hospital only moves to allow it the ability to fully and properly respond to Plaintiff's allegations.

## II. LEGAL STANDARD

4. Rule 8 governing pleadings "demands more than an unadorned, the defendant unlawfully- harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 550 (2007)). The standard for evaluating a motion for more definite statement is whether the pleading "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *LJC Fin., LLC v. Alliant Nat. Title Ins. Co.*, No. H-14-648, 2014 WL 7190872, at *6 (S.D. Tex. December 16, 2014)

(quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).

## III. PLAINTIFF'S INSUFFICIENT PLEADING

5. Despite its 49 pages and 139 discrete paragraphs, the *Verified Original Petition* is so excessively vague and ambiguous as to which Defendants are the subject of the allegations that it is as to be unintelligible and amounts to a "shotgun pleading" that contains "causes of action" that are not cognizable legal theories. The Hospital may move for a more definite statement of the *Verified Original Petition* because it is so vague and ambiguous that the Hospital cannot reasonably prepare a response. *LJC Fin., LLC*, 2014 WL 7190872, at *4.

### *a. The Verified Original Petition is a Shotgun Pleading.*

6. Shotgun pleadings are pernicious because they unfairly burden defendants, like the Hospital, and the courts, by shifting onto them the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support. *In re Ozcelebi,* 635 B.R. 467, 472 (Bankr. S. D. Tex. 2021) (quoting *Greathouse v. Rosa*, No. 1:20-cv-0554-KWR-KK, 2021 WL 2953127, at *2 (D. N. M. July 14, 2021)) (internal quotations omitted). As articulated in *In Re Ozcelebi*, "shotgun pleading" is sorted into four distinct types: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count a combination of the entire complaint; (2) a complaint that is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id*. (citing *Weiland v.*

*Palm Beach Cnty. Sherrif's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015)). While the *Verified Original Petition* includes each type of shotgun pleading throughout, the Hospital is prejudiced in attempting to answer it due in large part to types two and four.

7. The Verified Original Petition lumps the Hospital into causes of action and factual allegations involving "all defendants" without specifying the Hospital's involvement and, in some cases, the causes of action seem inapplicable to the Hospital, yet Plaintiff implicates the Hospital. The Hospital moves on the following factual allegations and causes of action as impermissible shotgun pleading:

8. <u>Factual Allegations:</u>

i. "Defendants acted with actual malice or reckless disregard for the truth of the allegations against [Plaintiff]." **<u>Exhibit 1</u>**, Pl's. Pet. at P. 26, ¶74.

9. <u>Count 1: Defamation</u>: (seemingly raised against all defendants).

i. No allegations directed at the Hospital specifically.

ii. "Defendants published defamatory and false statements to doctors and staff at the Hospital regarding Dr. Ofosu's professional incompetence. Many of these allegations took place outside of the peer review process." *Id.* at P. 30, ¶86.

iii. "Defendants' false statements were made knowingly, recklessly, and maliciously and without right, privilege, or justification." *Id*. at P. 32 ¶ 90.

iv. "Defendants' defamation has caused [Plaintiff] great anguish, humiliation, emotional distress, inconvenience, and loss of enjoyment of life that entitle her to compensatory damages." *Id*. at P. 32 ¶ 92.

10. <u>Count 2: Tortious Interference with Existing Contracts</u> (seemingly raised against all defendants).

i. No allegations directed at the Hospital specifically.

ii. "As a direct result of Defendants' conduct, [Plaintiff] was forced to resign from Baylor and the Hospital's medical staff. Her resignation was not

voluntary but compelled by Defendants' unlawful actions and the hostile work environment." *Id.* at P. 34 ¶ 96.

iii. "Defendants' interference has proximately caused [Plaintiff] loss of the income that the contracts would have generated and the expenses associated with relocating to another city and starting over." *Id.* at P. 34 ¶ 98.

iv. "[Plaintiff] is also entitled to an award of exemplary damages because Defendants' tortious interference was conducted with malice." *Id.* at P. 34 ¶ 99.

11. Count 4: Retaliation: (seemingly raised against all defendants despite causes of action limited to an *employer*).

12. Most egregiously, Plaintiff lumps the Hospital into allegations premised on Chapter 21 of the Texas Labor Code and Texas Health and Safety Code § 161.134. But those statutes are clear that they only apply to retaliation in employer/employee relationships. *See e.g.*, Tex. Labor Code Ann. § 21.051 ("[a]n employer commits an unlawful employment practice…"); Tex. Health & Safety Code Ann. § 161.134(a) ("[a] hospital … may not suspend or terminate the employment … or otherwise discriminate against an employee…"). The Hospital has not employed Plaintiff at any time and generally is prohibited from employing Plaintiff under Texas's corporate practice of medicine doctrine. *See Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747, 752 (Tex.App.—Houston [14th Dist.] 2004, pet. denied) (stating that "[u]nder the Medical Practice Act, when a corporation is comprised of lay persons employs licensed physicians to treat patients and the corporation receives a fee, the corporation is unlawfully engaged in the practice of medicine"). Thus, the Hospital cannot be grouped into Plaintiff's retaliation claims.

13. As such, the Hospital requests that the Court enter an order requiring Plaintiff to Amend her *Verified Original Petition* with regards to Counts 1, 2, and 4.

*a. Count 3 of the Verified Original Petition is Not a Cognizable Legal Action.*

14. Under well settled law, "Malicious/Sham Peer Review" is not a cognizable legal action and instead is an argument against immunity provided by the Health Care Quality Improvement Act of 1986 ("HCQIA") and Texas's explicit adoption of HCQIA through Texas Occupations Code § 160.001. Specifically, courts nationwide hold that there is no private right of action under HCQIA, only defenses to immunity. *See e.g., Hancock v. Blue Cross-Blue Shield of Ks., Inc*., 21 F.3d 373, 374-75 (10th Cir. 1994) (holding that HCQIA did not create a cause of action for the benefit of physicians to enforce provisions of HCQIA); *Rogers v. Columbia/HCA of Cent. La.,* Inc., 971 F. Supp. 229, 237 (W.D. La. 1997) (holding HCQIA "was not enacted to protect physicians subject to peer review").

15. While Plaintiff does not explicitly state that Count 3 is premised on HCQIA, each allegation is premised on misuse of the peer review process. As such, as currently alleged, Count 3 requests a right of relief not afforded. Thus, the Hospital requests the Court enter an order requiring Plaintiff to amend her *Verified Original Petition* with regards to Count 3.

*a. Count 5 of the Verified Original Petition is Premised on the Above Improper Allegations.*

16. Count 5 of the Verified Original Petition explicitly incorporates all the above improper allegations stating, "[Plaintiff] repeats the allegations set forth above as if fully set forth herein." **Exhibit 1**, Pl's. Pet. at P. 41, ¶121. As such, without a more definite statement on the above stated allegations, the Hospital cannot respond to Count 5 without suffering the prejudice of the above improper allegations. *See LJC Fin., LLC v. Alliant Nat. Title Ins. Co.,* No. H-14-648, 2014 WL 7190872, at *6 (S.D. Tex. December 16, 2014). Thus, the Hospital requests the Court enter an order requiring Plaintiff to amend her *Verified Original Petition* with regards to Count 5.

## IV. CONCLUSION

Defendant CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER respectfully requests that the Court require Plaintiff Charlene Ofosu, M.D. replead her Verified Original Petition in conformity with Federal Rule of Civil Procedure 12(e).

Dated: February 23, 2026.

Respectfully submitted,

POLSINELLI PC

*/s/ Ryan Mathis*

Ryan Mathis
TX State Bar No. 24123977
POLSINELLI PC
Old Parkland – Resolute Tower
4020 Maple Avenue, Suite 300
Dallas, Texas 75219
Telephone: (214) 661-5597
Facsimile: (214) 279-2335
rmathis@polsinelli.com

*Counsel for Defendant CHI St. Luke's Health Baylor College of Medicine Medical Center*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another method authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ryan Mathis*
Ryan Mathis

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 19, 2026, Defendant's counsel conferred via email with Plaintiff's counsel regarding the relief requested in this motion and on February 23, 2026, Defendant's counsel conferred with Plaintiff's counsel via conference regarding the relief requested in the motion. The issues remain unresolved.

*/s/ Ryan Mathis*
Ryan Mathis