**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLENE OFOSU, M.D.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **CHI ST. LUKE'S HEALTH BAYLOR** | § | |
| **COLLEGE OF MEDICINE MEDICAL** | § | **CIVIL ACTION NO. 4:26-cv-00761** |
| **CENTER, BAYLOR COLLEGE OF** | § | |
| **MEDICINE, KAIMING WU, M.D., GARY** | § | |
| **LLOYD HORN, M.D., ZACHARY** | § | |
| **NUFFER, M.D., NEAL SAVJANI, M.D.,** | § | |
| **AND SINA FAHRTASH, M.D.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Plaintiff Charlene Ofosu ("Plaintiff") and Defendants Baylor College of Medicine ("BCM"), CHI St. Luke's Health Baylor College of Medicine Medical Center ("St. Luke's"), Defendants Kaiming Wu, Gary Lloyd Horn, Zachary Nuffer, Neal Savjani, and Sina Fhartash ("Individual Defendants" and collectively, the "Parties") submit this Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure as follows:

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

   The Parties conducted the Rule 26(f) Conference on March 27 and March 30, 2026. In attendance were Scott Nichols, counsel for Plaintiff; Nehal Anand and Jay Zhang, counsel for BCM and the Individual Defendants; and Alexis Angell, Shelby Zumwalt and Carlye Dozier, counsel for St. Luke's.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

The Court has diversity jurisdiction under 28 U.S.C. §1332.

4. **Name the parties who disagree and the reasons.**

None.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None anticipated.

6. **List anticipated interventions.**

None anticipated.

7. **Describe class-action issues.**

None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties stipulate that they will exchange initial disclosures by April 20, 2026.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   (1) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

   The Parties do not believe that any changes in the form or requirement for disclosures under Rule 26(a) should be made. The Parties anticipate completing their disclosures by April 20, 2026.

   (2) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

   The Parties agree that discovery will be necessary on all issues related to liability and damages. The Parties do not believe discovery should be conducted in phases or be limited to or focused upon particular issues. The Parties propose a discovery deadline of February 27, 2027.

**(3)** **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties anticipate that discovery may include ESI, such as emails, but the Parties do not expect electronic discovery to be extensive; provided, however, that Plaintiff anticipates requesting access to the EMR and discovery of three-dimensional radiographic images with DICOM 3D software reconstruction capabilities. Defendants oppose this request.

Plaintiff seeks native production of all emails and spreadsheets. Defendants oppose native production of emails. The parties will meet and confer about this disagreement at a later time.

**(4)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The Parties anticipate that Defendants will assert the peer review privilege in this case. If so, Plaintiff will respond that Defendants have waived the peer review privilege by putting it at issue. Defendants disagree that the peer review privilege has been waived, contend that Plaintiff put the privilege at issue, and Defendants may properly use peer review information in their defense without waiver.

The Parties will agree to submit to the Court an Order pursuant to Federal Rule of Evidence 502. The parties may also seek a protective order for any confidential documents.

**(5)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None.

**(6)** **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

In addition to the order provided in Section 9(A)(4) above, the Parties may agree to a proposed protective order regarding confidential business, personnel documents and information, and confidential financial and health-related information for submission to the Court, if necessary.

**B.** **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff Charlene Ofosu, M.D. anticipates sending interrogatories to each Defendant no later than May 30, 2026.

3

**C.**     **When and to whom the defendant anticipates it may send interrogatories.**

Defendant St. Luke's anticipates sending interrogatories to Plaintiff before the discovery deadline.

Defendant BCM and the Individual Defendants anticipate sending interrogatories to Plaintiff before the discovery deadline.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the deposition of each Defendant following receipt of written discovery responses and of records of third parties produced in response to subpoenas, if any, prior to the discovery deadline. Plaintiff agrees that Defendants may take Plaintiff's deposition first and within 30 days after receipt of complete discovery responses.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants BCM and the Individual Defendants will take Plaintiff's deposition before other oral depositions in this case are taken, and Defendant BCM and the Individual Defendants anticipate timely taking Plaintiff's deposition following the receipt of Plaintiff's responses to Defendants' written discovery and the receipt of appropriate third-party records, if any. BCM and the Individual Defendants then anticipate taking the depositions of any other third-party fact witnesses prior to the discovery deadline.

St. Luke's will take the Plaintiff's deposition before other oral deposition in this case are taken. St. Luke's anticipates timely doing so following the receipt of Plaintiff's responses to Defendants' written discovery and the receipt of appropriate third-party records, if any. St. Luke's anticipates taking additional depositions of any third-party fact witnesses prior to the discovery deadline.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff or the party with the burden of proof shall designate expert witnesses and provide expert witness reports, if applicable, on or before October 16, 2026.

Defendants, or the opposing party, shall designate their expert witnesses, if applicable, and provide expert witness reports by December 11, 2026.

**G.**     **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

4

Plaintiff anticipates taking and completing depositions of Defendants' expert witnesses prior to expiration of the discovery deadline.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants, or the opposing party, anticipate completing any applicable expert witness depositions prior to the discovery deadline.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties agree with the current discovery plan. Additionally, the Parties have agreed to electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Specifically, Plaintiff agrees to electronic service provided that Defendants serve documents upon counsel of record, Scott Nicols and Zachary Thomas, by email at snichols@nwtlaw.com and zthomas@nwtlaw.com. Defendant St. Luke agrees to electronic service provided that Plaintiff serves documents upon all counsel of record Alexis Angell and Shelby Zumwalt by email at aangell@polsinelli.com and szumwalt@polsinelli.com. Defendant BCM and the Individual Defendants agree to electronic service provided that Plaintiff servs documents upon all counsel of record Nehal Anand and Jay Zhang by email at nanand@littler.com and jzhang@littler.com.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date.**

While Plaintiff and Defendant St. Luke's have exchanged information and documents during the administrative peer review process, no formal discovery has been initiated in connection with this lawsuit.

**12. State the date the planned discovery can be reasonably completed.**

February 27, 2027.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties anticipate exploring potential settlement discussions after initial discovery has been completed and anticipate continuing to engage in periodic discussions regarding the possibility of negotiating a settlement or resolution.

**14. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties have agreed to explore potential settlement discussions following the completion of initial discovery.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The Parties have agreed to explore potential settlement discussions and potentially engage in mediation after discovery has been substantially completed.

16.     **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not consent to a trial before a magistrate judge.

17.     **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely demand for jury trial.

**Specify the number of hours it will take to present the evidence in this case.**

At this time, the Parties anticipate that it will take approximately 40 hours to present the evidence in this case, not including any pre-trial conference or motion practice time.

18.     **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time

19.     **List other motions pending.**

None at this time.

20.     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiff anticipates seeking a temporary injunction from the Court, in which case certain discovery may need to be expedited.

21.     **List the names, bar numbers, addresses, and telephone numbers of *all* counsel.**

Plaintiff Charlene Ofosu:

Scott Nichols (*Attorney-in-Charge*)
Texas Bar No. 14994100
snichols@nwtlaw.com
Zachary W. Thomas
Texas Bar No. 2470739
zthomas@nwtlaw.com
Louis Wayne Williams
Texas Bar No. 24088645
lwilliams@nwtlaw.com
NICHOLS WEITZNER THOMAS LLP
2402 Dunlavy Street
Houston, Texas 77006

6

Telephone:  713.405.7094

Defendant Baylor College of Medicine and Defendants Kaiming Wu, Gary Lloyd Horn, Zachary Nuffer, Neal Savjani, and Sina Fahrtash:

Nehal S. Anand (*Attorney-in-Charge*)
Texas Bar No. 24070600
Federal I.D. No. 1061200
nanand@littler.com
Jay Zhang
Texas Bar No. 24110574
Federal I.D. No. 3365543
jzhang@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    713.951.9400

Defendant CHI St. Luke's Health Baylor College of Medicine Medical Center:

Alexis L. Angell
Texas Bar No. 24085182
Federal I.D. No. 3956268
aangell@polsinelli.com
Ryan E. Mathis
Texas Bar No. 24123977
Federal I.D. No. 3905550
rmathis@polsinelli.com
POLSINELLI PC
4020 Maple Avenue, Suite 300
Old Parkland – Resolute Tower
Dallas, Texas 75219
Telephone:  214.661.5597

Dated:  March 30, 2026

Respectfully submitted,

*/s/ Scott Nichols  *w/permission*
Scott Nichols (*Attorney-in-Charge*)
Texas State Bar No. 14994100
snichols@nwtlaw.com
Zachary W. Thomas
Texas State Bar No. 2470739
zthomas@nwtlaw.com
NICHOLS WEITZNER THOMAS LLP
2402 Dunlavy Street
Houston, Texas 77006
Telephone:  713.405.7094

**ATTORNEYS FOR PLAINTIFF
CHARLENE OFOSU**

*/s/ Nehal S. Anand*
Nehal S. Anand *(Attorney-in-Charge)*
Texas Bar No. 24070600
Federal I.D. No. 1061200
nanand@littler.com
Jay Zhang
Texas State Bar No. 24110574
Federal I.D. No. 3365543
jzhang@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     713.951.9400
Facsimile:     713.951.9212

**ATTORNEYS     FOR     DEFENDANTS
BAYLOR   COLLEGE   OF   MEDICINE,
KAIMING  WU,  GARY  LLOYD  HORN,
ZACHARY   NUFFER,   NEAL   SAVJANI,
AND SINA FAHRTASH**

/s/ Alexis L. Angell *w/permission
Alexis L. Angell (*Attorney-in-Charge*)
Texas Bar No. 24085182
Federal I.D. No. 3956268
aangell@polsinelli.com
Ryan Mathis
Texas State Bar No. 24123977
Federal I.D. No. 3905550
rmathis@polsinelli.com
POLSINELLI PC
4020 Maple Avenue, Suite 300
Old Parkland – Resolute Tower
Dallas, Texas 75219
Telephone: 214.661.5597
Facsimile: 214.481.8246

**ATTORNEYS FOR DEFENDANT CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER**