**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHARLENE OFOSU, M.D.,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | |
| **CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER, BAYLOR COLLEGE OF MEDICINE, KAIMING WU, M.D., GARY LLOYD HORN, M.D., ZACHARY NUFFER, M.D., NEAL SAVJANI, M.D., AND SINA FAHRTASH, M.D.,** | § § § § § § § § § § | **CIVIL ACTION NO. 4:26-cv-00761** |
| **Defendants.** | § § § | |

## AMENDED JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiff Charlene Ofosu ("Plaintiff") and Defendants Baylor College of Medicine ("BCM"), CHI St. Luke's Health Baylor College of Medicine Medical Center ("St. Luke's"), Defendants Kaiming Wu, Gary Lloyd Horn, Zachary Nuffer, Neal Savjani, and Sina Fhartash ("Individual Defendants" and collectively, the "Parties") submits this amended Joint Discovery/Case Management Plan as a supplement to the Joint Discovery/Case Management Plan filed on March 30, 2026 (Doc. No. 21), in accordance with the Court's instructions.

1.     **Rule 26(f) Meeting**

State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended on behalf of each party.

The Parties conducted the Rule 26(f) Conference on March 27 and March 30, 2026.  In attendance were Scott Nichols, counsel for Plaintiff; Nehal Anand and Jay Zhang, counsel for BCM and the Individual Defendants; and Alexis Angell, Shelby Zumwalt and Carlye Dozier, counsel for St. Luke's.

2.     **Jurisdiction**

a.  Basis: Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

Diversity jurisdiction. No disagreement.

b. <u>Diversity</u>: For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

No disagreement. Not applicable.

## 3.    Case Background

a. <u>General Description</u>: Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

Plaintiff, an Interventional Radiologist formerly and assistant professor under contract with BCM who had clinical privileges at St. Luke's hospital, sued BCM, St. Luke's, and the Individual Defendants alleging defamation, tortious interference with contracts, malicious/sham peer review, and retaliation under Chapter 21 of the Texas Labor Code and under Section 161 of the Texas Health and Safety Code. Plaintiff alleges that Defendants engaged in a pattern of discrimination based on her ender from the beginning of her employment with BCM and performance of services at the hospital. Defendants began etaliating against her following her submission of a discrimination and workplace harassment complaint to BCM's human resources department. The retaliation culminated in a sham peer review process that failed to comply with the hospital's medical staff bylaws or to consider significant evidence contradicting the biased committee's arbitrary and capricious assertions. The proctoring requirements imposed on Plaintiff were unprecedented in the Interventional Radiology program and punitive in nature.

Defendants deny that Plaintiff's claims have any merit, and contend all actions taken were legitimate, non-discriminatory, and non-retaliatory. Specifically, Defendant St. Luke's asserts that the peer review process was initiated based on documented safety concerns, and that it did not administer the peer review and any subsequent administrative process in an arbitrary and capricious matter. Defendant BCM further contends that Plaintiff's refusal to perform the duties required of her position, including her refusal to provide on-call coverage and other radiology duties, ultimately led to her voluntary resignation.

**Elements of Plaintiff's Causes of Action**

Count 1: The elements of a defamation cause of action in Texas are 1) publication of a false statement of fact, 2) that was defamatory as to the plaintiff, 3) with negligence regarding the truth of the statement (for private individuals), 4) that caused plaintiff to incur damages.

Count 2: The elements of tortious interference with existing contracts are 1) a valid and

enforceable contract, 2) defendant's will and intentional interference with the contract, 3) defendant's intentional interference proximately caused the plaintiff's damages, and 4) actual damages incurred by the plaintiff.

Count 3: The elements of a malicious peer review are a) a peer review b) conducted with malice.

Count 4: The elements of a retaliation claim under Section 21.055 of the Texas Labor Code are 1) engagement in a protected activity, 2) an adverse employment action, 3) a causal link between the protected activity and the adverse employment action.

Count 5: The elements of a retaliation claim under Section 161.135 of the Texas Health & Safety Code are 1) the plaintiff is a non-employee of the defendant hospital, 2) defendant reported a violation of law, 3) the violation was made in good faith, 4) The hospital retaliated against the plaintiff.

Count 6: A declaratory judgment may be obtained when 1) an actual controversy within the court's jurisdiction exists, 2) the controversy exists under other substantive law, 3) the claim is ripe for adjudication.

Application for injunctive relief: Injunctive relief may be granted when 1) there is a substantial likelihood the plaintiff will succeed on the merits, 2) the plaintiff faces a substantial threat of irreparable harm, including lack of an adequate remedy at law, 3) the balance of hardships weighs in the plaintiff's favor, and 4) issuance of an injunction will not disserve the public interest.

The Complaint further alleges that Defendants acted with malice. Proof of malice requires proof of a specific intent to cause the plaintiff substantial injury or harm.

Among other affirmative defenses, Defendants assert immunity to Plaintiff's claims, which require a showing under the Health Care Quality Improvement Act (HCQIA) that professional actions were taken (1) in the reasonable belief that the action furthers quality health care; (2) after a reasonable effort to obtain the facts of the matter; (3) after affording adequate notice and hearing procedures to the physician; and (4) with the reasonable belief that the action was warranted by the known facts. Defendant St. Luke's also asserts immunity from its reporting requirements under 42 U.S.C. § 11137(c).

Defendants also assert immunity from Plaintiff's claims under the Texas Health Care Quality Improvement Act (THCQIA) because professional actions taken against Plaintiff, if any, were not taken with actual malice.

b. <u>Related Cases</u>: List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

None.

    c. <u>Class Issues</u>: Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

None.

**4.    Parties**

    a. <u>Unserved Parties</u>: List any unserved parties. State a date certain by which that party will be served.

None.

    b. <u>Additional Parties</u>: List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

None.

    c. <u>Interventions</u>: List and briefly explain any anticipated interventions.

None.

    d. <u>Interested Persons</u>: Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

Defendant BCM and the Individual Defendants filed their Certificate of Interested Parties on February 26, 2026 (Doc. No. 14)

Defendant St. Luke's filed its Certificate of Interested Parties on February 27, 2026 (Doc. No. 15).

Plaintiff =filed her Certificate of Interested Parties on April 1, 2026.

**5.    Discovery**

    a. <u>Initial Disclosures</u>: State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

The Parties anticipate completing their disclosures by April 20, 2026.

    b. <u>Phases</u>: State whether the parties considered conducting discovery in phases.

The parties do not anticipate conducting discovery in phases.

c.  <u>Completed</u>: Specify any discovery already underway or accomplished.

While Plaintiff and St. Luke's have exchanged information and documents during the administrative peer review process, no formal discovery has been initiated in connection with this lawsuit.

d.  <u>Limitations</u>: Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

None.

In addition, the Parties have agreed to electronic service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). Specifically, Plaintiff agrees to electronic service provided that Defendants serve documents upon counsel of record, Scott Nicols and Zachary Thomas, by email at snichols@nwtlaw.com and zthomas@nwtlaw.com. Defendant St. Luke agrees to electronic service provided that Plaintiff serves documents upon all counsel of record Alexis Angell and Shelby Zumwalt by email at aangell@polsinelli.com and szumwalt@polsinelli.com. Defendant BCM and the Individual Defendants agree to electronic service provided that Plaintiff servs documents upon all counsel of record Nehal Anand and Jay Zhang by email at nanand@littler.com and jzhang@littler.com.

e.  <u>Preservation</u>: Describe any issues about preservation of discoverable information.

None.

f.  <u>Disputes</u>: Specify any discovery disputes.

Regarding depositions, the parties' respective positions are as follows:

Plaintiff anticipates taking the deposition of each Defendant following receipt of written discovery responses and of records of third parties produced in response to subpoenas, if any, prior to the discovery deadline. Plaintiff agrees that Defendants may take Plaintiff's deposition first and within 30 days after receipt of complete discovery responses.

Defendants BCM and the Individual Defendants will take Plaintiff's deposition before other oral depositions in this case are taken, and Defendant BCM and the Individual Defendants anticipate timely taking Plaintiff's deposition following the receipt of Plaintiff's responses to Defendants' written discovery and the receipt of appropriate third-party records, if any. BCM and the Individual Defendants then anticipate taking the depositions of any other third-party fact witnesses prior to the discovery deadline.

St. Luke's will take the Plaintiff's deposition before other oral deposition in this case are taken. St. Luke's anticipates timely doing so following the receipt of Plaintiff's responses to Defendants' written discovery and the receipt of appropriate third-party records, if any.

St. Luke's anticipates taking additional depositions of any third-party fact witnesses prior to the discovery deadline.

Regarding discovery of electronically stored information, the parties' positions are as follow:

The Parties anticipate that discovery may include ESI, such as emails and spreadsheets, but the Parties do not expect electronic discovery to be extensive; provided, however, that Plaintiff anticipates requesting access to the EMR and discovery of three-dimensional radiographic images with DICOM 3D software reconstruction capabilities. Defendants oppose this request.

Plaintiff seeks native production of all emails and spreadsheets. Defendants oppose native production of emails. The parties will meet and confer about this disagreement at a later time.

## 6.      Orders

a. <u>Protective Order</u>: State whether the parties will request a protective order. Describe any issues about confidentiality.

The Parties anticipate that Defendants will assert the peer review privilege in this case. If so, Plaintiff will respond that Defendants have waived the peer review privilege by putting it at issue. Defendants disagree that the peer review privilege has been waived, contend that Plaintiff put the privilege at issue, and Defendants may properly use peer review information in their defense without waiver.

The Parties will agree to submit to the Court an Order pursuant to Federal Rule of Evidence 502. The parties may also seek a protective order for any confidential documents.

b. <u>E-Discovery Order</u>: State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.

The parties have identified their respective position on electronic discovery in Section 5(f) above. The parties agree to meet and confer about their disagreement on electronic discovery at a later time.

**7.    Settlement**

Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.

The Parties anticipate exploring potential settlement discussions after initial discovery has been completed and anticipate continuing to engage in periodic discussions regarding the possibility of negotiating a settlement or resolution.

**8.    Trial**

a.  Magistrate Judge: Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.

The Parties do not consent to a trial before a magistrate judge.

b.  Jury Demand: Identify any party that has made a jury demand and whether it was timely.

Plaintiff has made a timely demand for jury trial.

c.  Length of trial: Specify the total number of hours it will likely take to present the evidence at trial in this case.

At this time, the Parties anticipate that it will take approximately 40 hours to present the evidence in this case, not including any pre-trial conference or motion practice time.

**9.    Other Matters**

List any other matter that needs to be addressed at the Scheduling Conference.

None.

**10.** Proposed Scheduling Order: Complete and attach a joint proposed scheduling order. Use Form 4 on this Court's home page.[1]  Clearly indicate any disagreements with reasons in support of the requests made.

The parties have attached a joint proposed scheduling order, below.

---

[1] https://www.txs.uscourts.gov/page/district-magistrate-judges-procedures-schedules

Dated:  April 1, 2026

Respectfully submitted,

*/s/ Scott Nichols \*w/permission*

Scott Nichols (*Attorney-in-Charge*)
Texas State Bar No. 14994100
snichols@nwtlaw.com
Zachary W. Thomas
Texas State Bar No. 2470739
zthomas@nwtlaw.com
NICHOLS WEITZNER THOMAS LLP
2402 Dunlavy Street
Houston, Texas 77006
Telephone:  713.405.7094

**ATTORNEYS FOR PLAINTIFF CHARLENE OFOSU**

*/s/ Nehal S. Anand*

Nehal S. Anand *(Attorney-in-Charge)*
Texas Bar No. 24070600
Federal I.D. No. 1061200
nanand@littler.com
Jay Zhang
Texas State Bar No. 24110574
Federal I.D. No. 3365543
jzhang@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:      713.951.9400
Facsimile:      713.951.9212

**ATTORNEYS      FOR      DEFENDANTS BAYLOR    COLLEGE    OF    MEDICINE, KAIMING  WU,  GARY  LLOYD  HORN, ZACHARY NUFFER, NEAL SAVJANI, AND SINA FAHRTASH**

*/s/ Alexis L. Angell *w/permission*

Alexis L. Angell (*Attorney-in-Charge*)
Texas Bar No. 24085182
Federal I.D. No. 3956268
aangell@polsinelli.com
Ryan Mathis
Texas State Bar No. 24123977
Federal I.D. No. 3905550
rmathis@polsinelli.com
POLSINELLI PC
4020 Maple Avenue, Suite 300
Old Parkland – Resolute Tower
Dallas, Texas 75219
Telephone: 214.661.5597
Facsimile: 214.481.8246

**ATTORNEYS FOR DEFENDANT CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **CHARLENE OFOSU, M.D.,** | § § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF MEDICINE MEDICAL CENTER, BAYLOR COLLEGE OF MEDICINE, KAIMING WU, M.D., GARY LLOYD HORN, M.D., ZACHARY NUFFER, M.D., NEAL SAVJANI, M.D., AND SINA FAHRTASH, M.D.,** | § § § § § § § § § § | **CIVIL ACTION NO. 4:26-cv-00761** |
| **Defendants.** | § § § | |

## [PROPOSED] SCHEDULING ORDER

The disposition of this case will be controlled by the following schedule:

1.   April 20, 2026   **MOTIONS TO ADD NEW PARTIES**
The party causing the addition of a new party must provide copies of this Order and all previously entered Orders to the new party.

2.   May 18, 2026   **MOTIONS FOR LEAVE TO AMEND PLEADINGS**
Any party seeking leave to amend pleadings after this date must show good cause.

3.   October 16, 2026   **EXPERTS (Other than Attorney's Fees)**
The party with the burden of proof on an issue must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

  December 11, 2026   The opposing party must designate expert witnesses in writing and provide the required report under Rule 26(a)(2).

4.    February 27, 2027    **COMPLETION OF DISCOVERY**
Discovery requests are not timely if the deadline for response under the Federal Rules of Civil Procedure falls after this date. Parties may continue discovery beyond the deadline by agreement.

5.    April 9, 2027    **PRETRIAL MOTIONS DEADLINE**
**(Except for Motions *in Limine*)**
No motion may be filed after this date except for good cause. This includes motions to exclude experts.

6.    May 10, 2027    **MEDIATION OR SETTLEMENT CONFERENCE**
Mediation or other form of dispute resolution must be completed by this deadline.

7.    August 6, 2027    **JOINT PRETRIAL ORDER AND MOTION *IN LIMINE* DEADLINE**
The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Use the forms provided on the Court's website:
https://www.txs.uscourts.gov/page/district-magistratejudges-procedures-schedules.

Plaintiff is responsible for timely filing the complete Joint Pretrial Order.  Failure to do so may lead to dismissal or other sanction in accordance with the applicable rules.  Exhibit lists, witness lists and proposed deposition excerpts may not be amended or supplemented after this date unless by agreement. Objections to any of these shall be filed no later than three business days after this date and responses to those objections shall be filed no later than six business days from this date.  Boilerplate objections or responses will not be considered.

8.    August 27, 2027    **DOCKET CALL**
Docket Call will be held at 2:00 p.m.  The Court will not consider documents filed within seven days of docket call. The Court may rule on pending motions at docket call and will set the case for trial as close to docket call as practicable.

9.      Additional orders relating to disclosures, discovery, or pretrial motions:

NONE

_____

Any party wishing to make a discovery or scheduling motion must obtain permission before the submission of motion papers. This includes any motion to compel, to quash, for protection, or for extension.  <u>Lead counsel must personally confer on all discovery and scheduling disputes as a final attempt at resolution prior to involving the Court</u>. To obtain permission, the party seeking relief must submit a letter not exceeding two pages. Identify the nature of the dispute, outline the issues, and state the contested relief sought. Describe the conference between lead counsel and summarize the results.  Send a copy to all counsel and unrepresented parties.  The opposing party should promptly submit a responsive letter of similar length identifying any disagreement. Do not submit a reply letter.  The foregoing letters should be sent by email to the Court's case manager, Gabrielle Clair at **Gabrielle_Clair@txs.uscourts.gov.**


        It is SO ORDERED.

        Signed this ___ of _____, 20__.


                                    _____
                                    NICHOLAS J. GANJEI
                                    UNITED STATES DISTRICT JUDGE