# APPENDIX

| | |
|---|---|
| **Exhibit A** | U.S. Dep't of Health & Human Services, Nat'l Practitioner Data Bank, NPDB Guidebook, Ch. F (2026), *available at https://www.npdb.hrsa.gov/guidebook/FDisputeProcess.jsp* (last visited Apr. 11, 2026). |

NPDB NATIONAL PRACTITIONER DATA BANK

# Dispute Process

EXHIBIT A

Procedures for a health care practitioner, entity, provider, or supplier to dispute the accuracy of information reported to the NPDB are described in the NPDB regulations and outlined below. The dispute process involves two separate procedures. To dispute a report, you first enter it into Dispute Status. If, in addition, you would like the NPDB to review the accuracy of the report, you may request Dispute Resolution.

## Entering the Report into Dispute Status

At any time, the subject of a report or a designated representative may dispute the report and enter the report into Dispute Status to disagree with either the factual accuracy of the report or whether the report was submitted in accordance with NPDB reporting requirements, including the eligibility of the entity to report the information to the NPDB.

*Entering the report into Dispute Status does not trigger a review of the report by the NPDB*. Before the NPDB can review the report for factual accuracy or whether it was submitted in accordance with NPDB reporting requirements, the subject of the report must request that the report be elevated to Dispute Resolution.

When a report is entered into Dispute Status by the subject of the report, the NPDB sends a notification of the dispute to the reporting entity and all queriers who received the report within the past 3 years. The notification will be included with the report when it is released to future queriers.

Once the report has been entered into Dispute Status, the subject of a report may:

- Take no further action - the report will remain in the NPDB with a dispute notation; no additional action will be taken by the NPDB
- Withdraw the report from Dispute Status - the dispute notation will be deleted from the report
- Request that the report be elevated to Dispute Resolution

If the report is changed by the reporting entity, the subject of the report is notified, and the Dispute Status notation attached to the report is removed. If the subject believes that the new version of the report is factually inaccurate or was not submitted in accordance with the NPDB reporting requirements, the subject of a report may re-enter the report into Dispute Status.

## Prerequisites for Dispute Resolution

The subject of a report may request that a report be elevated to Dispute Resolution after all the following prerequisites have been met and documented:

- The subject of the report has entered the report into Dispute Status
- The subject has waited 60 days after entering the report into Dispute Status, during which the subject has attempted to contact the reporting entity to resolve the issues raised by the report
- The subject has verified this effort; proof of a lack of success need not be more than a copy of correspondence to the reporting entity and the reporting entity's response, if any

Note: After the subject of the report enters the report into Dispute Status, and during the 60 days the subject of the report is attempting to resolve the dispute with the reporting entity, the reporting entity may tell the subject of the report in writing that it refuses to correct or void the report. If the subject of the report receives such written communication, the subject may ask the NPDB to elevate the report immediately to Dispute Resolution, without

waiting the full 60 days. The subject should contact the NPDB Customer Service Center for further instructions and be prepared to provide documentation demonstrating the reporting entity's refusal to correct or void the report.

If the subject of a report has not first attempted to resolve the concerns regarding the report's accuracy with the reporting entity and met the other conditions outlined above, the NPDB will return the request to elevate the report to Dispute Resolution and remind the subject of the requirements. The report will remain in Dispute Status and the subject of the report must again request that the report be elevated if the subject wishes to pursue Dispute Resolution.

## Dispute Resolution

The regulations governing the NPDB give the secretary of Health and Human Services the authority to review, at the request of the subject of a report, the accuracy of NPDB reports. This authority has been delegated by the secretary to the Division of Practitioner Data Bank (DPDB) of the Health Resources and Services Administration. Reports that have been elevated to Dispute Resolution are reviewed in the order in which they are received.

### Dispute Resolution Limitations

The Dispute Resolution process can determine only:

- Whether a report was submitted in accordance with NPDB reporting requirements, including the eligibility of the reporting entity to report the information to the NPDB,
- Whether the report accurately depicts the action taken as reflected in the written record provided by the reporting entity, and/or
- Whether the reporter's basis for the action is reflected in the written record provided by the reporting entity.

The Dispute Resolution process does not include reviewing:

- The underlying reasons for the report, such as the merits of a medical malpractice claim or the appropriateness of, or basis for, other types of reports, or
- The extent to which entities followed due process procedures; due process issues must be resolved between the subject of the report and the reporting entity.

The law strictly limits the NPDB's jurisdiction for reviewing disputed reports. The DPDB has no legal authority to provide an independent medical investigation concerning clinical issues specified in the report, nor can it examine the validity of information provided in the report. All disputes related to a correct or incorrect diagnosis and appropriate or inappropriate treatment by a practitioner must be resolved with the reporting entity. The DPDB does not review documentation provided by organizations or individuals other than the reporting entity and the subject of the report. No investigations, panel reviews, other reviews, or references provided by other organizations or independent practitioners can substitute for a valid written record provided by the reporting entity. The DPDB does not examine how a reporting entity uses its bylaws, how practitioners are disciplined, or how they are afforded due process; all such concerns must be resolved between the subject of the report and the reporting entity. The DPDB does not examine whether the subject of a report was informed of an ongoing investigation. The DPDB does not examine civil rights issues such as discrimination or harassment in the work environment. For malpractice payment reports, the DPDB can determine only if the report accurately depicts whether a payment was made on the behalf of the claimant, not whether malpractice was committed or whether the payment was justified.

Late reporting does not constitute grounds for disputing a report. Although eligible entities must report medical malpractice payments and other reportable actions to the NPDB within 30 calendar days of the date the payment was made or the action was taken, an entity's failure to submit a report in a timely manner does not preclude the NPDB from collecting a report beyond the 30-day time frame. Issues of timely reporting are handled through the NPDB's compliance program.

For additional information on reporting, see Chapter E: Reports.

## Responsibilities of Subjects of Disputed Reports

Subjects of reports who request that a report be elevated to Dispute Resolution should be prepared to:

- Succinctly describe the issues in dispute and the facts as understood by the subject of the report. Electronic submission with supporting documentation is encouraged, although paper submissions may be sent to the same address that is used for requests for reconsideration of decisions. These comments and points of dispute are separate and distinct from - and do not replace - the Subject Statement that may have been submitted previously. These comments and points of dispute are used for Dispute Resolution purposes only and will not be disclosed as part of the report.
- Submit documentation substantiating the points of dispute and showing that the report is inaccurate or not submitted in accordance with NPDB reporting requirements. The documentation must relate directly to the facts in dispute and substantially clarify the issues at hand. Subjects of reports may submit all relevant documentation, bearing in mind the criteria concerning pertinent documentation set forth in Table F-1. The subject of the report is encouraged to provide all pertinent documentation at one time that substantiates the subject's position and to show how each document relates to the points of dispute. The NPDB will request more information if it is necessary for a proper resolution of the matter.
- Submit proof of an unsuccessful attempt to resolve the disagreement with the reporting entity (e.g., a copy of an email message or letter sent to the reporting entity and the response, if any).

Table F-1 illustrates the kinds of documentation that are considered pertinent and those that generally are unrelated to a dispute of an NPDB report.

**Table F-1: Pertinent and Unrelated Documentation**

| Pertinent Documentation | Unrelated Documentation |
|---|---|
| Originals or copies of:<br>• For a Medical Malpractice Payment Report, the written claim and settlement or release document<br>• For a Judgment or Conviction Report, a court judgment<br>• For a state licensure Adverse Action Report, the state licensing board's findings of fact and conclusions of law<br>• For a clinical privileges Adverse Action Report, the final report of the hearing panel | Originals or copies of:<br>• Medical journal articles and newspaper clippings<br>• Letters of recommendation or praise<br>• Copies of awards or certificates of meritorious achievement<br>• Second professional opinions of the underlying reason for the action taken<br>• Examples of similar actions taken by other entities or health care practitioners<br>• Résumés or curricula vitae<br>• Diagnostic images<br>• Photographs |

## Responsibilities of Reporters and Subjects in Dispute Resolution

During the review process, the entity that submitted the report may receive a request from the NPDB to provide additional information and supporting documentation pertaining to the accuracy of the report. A response is required, and failure to respond, or an inadequate response, may constitute a failure to meet NPDB reporting requirements.

In addition, subjects of reports in the review process also have an obligation to cooperate with the NPDB. A subject's failure to cooperate may result in the Dispute Resolution process being suspended or dismissed.

## Dispute Resolution Decisions

There are three possible outcomes as a result of a Dispute Resolution, although a Dispute Resolution may result in multiple outcomes when several issues are disputed by the subject of the report:

- The report is accurate as submitted: The report is found to be factually accurate as submitted to the NPDB by the reporting entity, as evidenced by the record compiled during Dispute Resolution, and/or the report is found to be submitted in accordance with the NPDB reporting requirements.
- The report is inaccurate as submitted: The report is found to be factually inaccurate as submitted to the NPDB by the reporting entity, as evidenced by the record compiled during Dispute Resolution, and/or the report is found to be not submitted in accordance with the reporting requirements.
- The dispute is found to be outside the scope of Dispute Resolution.

## If a Report is Accurate as Submitted

If a report is found to be *accurate as submitted*, it remains in the NPDB. A letter explaining this decision will address the issues raised by the subject. A decision letter is sent to the subject of the report, with a copy to the reporting entity. All queriers who received notification of the dispute and have received the report within the 3 years before the Dispute Resolution decision receive a copy of the disputed report with a summary of the decision; they do not receive a copy of the decision letter.

## If a Report is Inaccurate as Submitted

If a report is found to be *inaccurate as submitted*, the reporting entity is asked to determine whether it agrees with the assessment, based on the record compiled during the Dispute Resolution, that the report is inaccurate.

*If a report is found to be inaccurate as submitted, the reporting entity is asked to determine whether it agrees with the assessment.* If the reporting entity agrees with the assessment, the reporting entity corrects the inaccurate information in the report. When the NPDB processes a Correction Report, the NPDB provides the reporting entity with a copy of the Correction Report. In addition, the NPDB sends a notification to the subject of the report and a copy to all queriers who received the previous version of the report within the past 3 years. The corrected report remains in the NPDB.

If the reporting entity does not agree with the assessment, it is asked to explain its rationale in writing and provide additional documentation. The DPDB reassesses the accuracy of the report. The subject of the report also may submit documentation in response to the reporting entity's reply.

If the reporting entity does not submit additional documentation that substantiates the report and fails to correct the report, the DPDB corrects the report consistent with the record compiled during Dispute Resolution, and the report remains in the NPDB. A letter explaining the decision will address the issues raised by the subject. The decision letter is sent to the subject of the report, with a copy to the reporting entity. All queriers who received notification of the dispute and received the report within the 3 years before the Dispute Resolution decision receive a corrected copy of the disputed report with a summary of the decision; they do not receive a copy of the decision letter.

If the reporting entity submits additional documentation that substantiates the report, and the report is found to be accurate as submitted, it remains in the NPDB. (See If a Report is Accurate as Submitted.)

Corrected reports are removed from Dispute Resolution unless additional Dispute Resolution review is sought by the subject of the report. Following the correction, if the subject of the report disagrees with the accuracy of the corrected report, the subject of the report can request that the report be re-elevated for review. The subject of the report may update the report's Dispute Resolution Statement but is not required to submit other documentation or contact the reporting entity again.

If a report is found to *not meet the NPDB reporting requirements*, the reporting entity is asked to determine whether it agrees with the assessment, based on the record compiled during the Dispute Resolution, that the report should be voided.

*If a report is found to have not been submitted in accordance with reporting requirements, the reporting entity is asked to determine whether it agrees that the report should be voided.*

If the reporting entity agrees with the assessment, the reporting entity voids the report. When the reporting entity voids a report, it is removed from the disclosable record of the subject of the report. When the NPDB processes a Void, the NPDB provides the reporting entity with a Report Void Confirmation. The NPDB also sends a notification to the subject of the report and to all queriers who received the previous version of the report within the past 3 years. All queriers who received the previous version of the report within the past 3 years are advised to destroy the report and any copies of it.

If the reporting entity does not agree with the assessment, it is asked to explain its rationale in writing and provide documentation. The information and documentation is used by the DPDB to reassess the accuracy of the report.

If the reporting entity does not submit documentation that substantiates the report and fails to void the report, the DPDB voids the report. A decision letter is sent to the subject of the report with a copy to the reporting entity. All queriers who received notification of the dispute and received the report within the 3 years before the Dispute Resolution decision receive a summary of the decision; they do not receive a copy of the decision letter. All queriers who received the previous version of the report within the past 3 years are advised to destroy the report and any copies of it.

If the reporting entity submits documentation that substantiates the report and the report is found to be accurate as submitted, it remains in the NPDB. (See If a Report is Accurate as Submitted.)

## Outside the Scope of Dispute Resolution

If the issues in dispute are found to be *outside of the scope of review*, the NPDB adds an entry to that effect to the report, and the dispute notification is removed from the report. A decision letter is sent to the subject of the report, with a copy to the reporting entity. All queriers who received notification of the dispute and received the report within the 3 years before the Dispute Resolution decision receive a copy of the disputed report with a summary of the decision; they do not receive a copy of the decision letter.

Figures F-1 and F-2 provide graphical representations of the Dispute Resolution process.

**Figure F-1: Pre-Elevation and Elevation to Dispute Resolution: The Basic Process**




View Larger

**Figure F-2: Re-Elevation to Dispute Resolution:**

**The Review Decision: Is the Report Inaccurate as Submitted?**




View Larger

## Reconsideration of a Dispute Resolution Decision

Subjects of reports may request reconsideration of Dispute Resolution decisions. Subjects of reports should be specific about any new information that was unavailable to them at the time of the review, as well as the issue(s) they believe were inappropriately considered during the review. Either the previous decision will be affirmed or a revised final decision will be issued.

The subject of a report must submit a written request for reconsideration and documentation to support any new information to the NPDB to one of the following:

| Standard Mail | Overnight Mail |
|---|---|
| National Practitioner Data Bank<br>P.O. Box 10832<br>Chantilly, VA 20153-0832 | National Practitioner Data Bank<br>4094 Majestic Lane<br>PMB-332<br>Fairfax, VA 22033 |

## Subject of the Report is Deceased

The legal representative of a deceased individual's estate may dispute an NPDB report on behalf of the subject of the report. To dispute a report, the representative must provide documentation that he or she has been appointed the legal representative of the estate. Acceptable documentation includes a photocopy of the authenticated will or other legal document that indicates the legal representative as executor of the will or trust. The NPDB Customer Service Center can help the legal representative begin this process.